UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:04-CR-85-F3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JASON MILLHOUSE, | ) | |
| Defendant. | ) | |

This matter is before the court on the *pro se* "Motion to Correct Criminal Judgement" [DE-257] filed by defendant Jason Millhouse ("Millhouse").

## I. PROCEDURAL AND FACTUAL HISTORY

Millhouse pleaded guilty to distribution of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was sentenced on February 7, 2005, to 113 months of imprisonment, after the court allowed the Government's motion for downward departure. In 2009, the court denied Millhouse's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the lowering of the crack cocaine guideline, because Millhouse was sentenced as a career offender. Now, Millhouse again moves for a reduction in his sentence, this time based on the newly enacted Fair Sentencing Act of 2010, Pub. L. 111-220 ("FSA").

To understand the implications of the FSA, it is first necessary to review the system of sentencing used in federal courts. Under the federal system of sentencing, the advisory Sentencing Guidelines promulgated by the United States Sentencing Commission establish a defendant's base offense level, with respect to drug-trafficking offenses, according to the weight and type of the drug. *Dillon v. United States*, 130 S.Ct. 2683, 2688 (U.S. June 10, 2010)(citing U.S.S.G. §§ 2d1.1(a), (c)). When the Sentencing Guidelines were first promulgated, the

Commission "adopted the 100-to-1 ratio selected by Congress in setting mandatory minimum sentences in the Anti-Drug Abuse Act of 1986, 100 Stat. 3207." *Id.* Under the framework, the Guidelines promulgated by the Commission "treated every gram of crack cocaine as the equivalent of 100 grams of powder cocaine." *Kimbrough v. United States,* 552 U.S. 85, 96 (2007).

The FSA, which was enacted on August 3, 2010, "amends the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 50 grams to 280 grams the amount of crack necessary to trigger the 10-year mandatory minimum sentence, and raising the amount from 5 to 28 grams necessary to trigger the 5-year minimum." *United States v. Gomes,* ___ F.3d ___, No. 10-11225, 2010 WL 3810872 at *2 (11th Cir. Oct. 1, 2010)(per curiam). Accordingly, under the FSA the new crack-to-powder ratio is approximately 18-to-1. Additionally, the FSA directs the Sentencing Commission to promulgate revised guidelines to account for certain aggravating and mitigating circumstances in drug trafficking cases. Finally, the FSA gives the Sentencing Commission authority to promulgate conforming amendments to the Guidelines necessary to achieve consistency with other guidelines provisions and applicable law. The Sentencing Commission promulgated temporary amendments to the Guidelines in accordance with the FSA on October 15, 2010. These temporary amendments take effect on November 1, 2010.

Based on the foregoing, Millhouse now moves for a reduction of his sentence, arguing that the court should reduce "his sentence in a manner consistent with the Fair Sentencing Act and an 18 to 1 ratio as opposed to the current 100 to 1 ratio." Mot. [DE-257] at p. 1.

## II. ANALYSIS

At the outset, the court notes that Millhouse's motion to reduce his sentence does not

2

specify the source of authority which would allow this court to modify his sentence in the manner he requests. Generally, a district court has the authority to modify a term of imprisonment, which is a final judgment, only in limited circumstances. *See* 18 U.S.C. §§ 3582(b), (c). Specifically, a district court may modify a term of imprisonment only where "the Bureau of Prisons moves for a reduction [under certain extraordinary circumstances or where a defendant has reached 70 years of age and has served at least 30 years in prison], the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." *U.S. v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010)(emphasis in original)(citing 18 U.S.C. § 3582(c)). Unfortunately for Millhouse, none of the circumstances is applicable here.

First, the Bureau of Prisons has not moved for a reduction in Millhouse's sentence, and accordingly, the first circumstance does not apply to this case. *See* § 3582(c)(1)(A). Nor does the second circumstance apply in this case. Specifically, Section 3582(c)(2) provides that a "modification of an imposed term of imprisonment" is permissible for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been lowered . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement can be found in U.S.S.G. § 1B1.10(a), which provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual *listed in subsection (c) below*, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). *If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582 is not consistent with this policy statement and thus not authorized.*

*Id.*(emphasis added). As of the date of this order, there is no amendment listed in U.S.S.G. §

3

1B1.10(c) that lowers a guideline range on account of the FSA. Accordingly, Millhouse cannot

rely on § 3582(c) as a basis of authority to reduce his sentence. *See United States v. McHan*, 386

F.3d 620, 622 (4th Cir. 2004)(explaining that only amendments listed in § 1B1.10(c) may be the

subject of a motion under 18 U.S.C. § 3582(c)(2)).[1]

Nor is the third circumstance–a federal statute expressly permitting the court to modify a

sentence–applicable here. *See* 18 U.S.C. § 3582(c)(1)(B)("[T]he court may modify an imposed

term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the

Federal Rules of Criminal Procedure."). Millhouse recognizes that the FSA does not state that it

should apply retroactively. Nevertheless, Millhouse argues that the court must *presume* that

Congress intended the Act to apply retroactively. Millhouse is mistaken. This court is required

to apply the penalty in place at the time the crime is committed, "unless the new enactment

provides for its own retroactive application." *United States v. Carradine*, ___ F.3d ___, No. 08-

3220, 2010 WL 3619799, at *4-5 (6th Cir. Sept. 20, 2010)(explaining that the general savings

statute, 1 U.S.C. § 109, requires application of penalties in place at time crime was committed

unless new enactment expressly provides for its own retroactive application, and observing that

the FSA "contains no express statement that it is retroactive nor can we infer any such express

intent from its plain language," and therefore, it cannot be applied retroactively). *See also United*

*States v. Bell*, ___ F.3d ___, Nos. 09-3908, 09-3914, 2010 WL 4103700, at *10 (7th Cir. Oct. 20,

---

[1] It remains to be seen whether the Sentencing Commission with act to make the amendments promulgated in response to the FSA retroactive. Accordingly, Millhouse's order will be denied without prejudice to his right to file another motion to reduce his sentence pursuant to § 3582(c)(2) if the 18-to-1 ratio is made retroactive. *See United States v. Hairston*, No. 3:00-CR-24-1, 2010 WL 3521591, at *3 (N.D.W.Va. Sept. 3, 2010)(denying defendant's motion to modify his sentence without prejudice, "meaning that if the 18-to-1 ratio is made retroactive the defendant will not be estopped from seeking a reduction").

4

2010)("[W]e conclude that the savings statute operates to bar the retroactive appliation of the FSA."); *Gomes*, 2010 WL 3810872, at *2; *United States v. Magee*, Civil Action No. 06-120, 2010 WL 3829349, at *1 (E.D.La. Sept. 23, 2010)(denying a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) because "Congress has not expressed clear intent for the Fairness in Sentencing Act of 2010 to apply retroactively"); *United States v. King*, No. 6:04-cr-46-Orl-19GJK, 2010 WL 3490266, at *2 (M.D. Fla. Aug. 31, 2010)(construing a motion for reduction of sentence as being under 18 U.S.C. § 3582(c)(1)(B) but denying the motion because there is "no authority or evidence in the text or legislative history of the Fair Sentencing Act of 2010 supporting Defendant's argument that the Act applies retroactively"). Because there is no indication that the FSA is to apply retroactively, nor is there any other federal statute that expressly permits the court to modify Millhouse's sentence, his motion for reduction of sentence is DENIED without prejudice.

## III. CONCLUSION

The court, at this time, has no authority to modify Millhouse's sentence. Consequently, Millhouse's Motion to Correct Criminal Judgement [DE-257] is DENIED without prejudice.


SO ORDERED. This the 22nd day of October.


James C. Fox
Senior United States District Judge